IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § Criminal No. 3:05-CR-062-D |
| VS. | § |
| | § |
| CHRISTOPHER ROBINSON, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

Defendant Christopher Robinson ("Robinson") has filed a January 6, 2006 motion for discovery and inspection. The government has not responded to the motion (there is a suggestion in Robinson's motion that this may be the result of the prosecutor's open file policy). The court now decides the motion in this memorandum opinion and order.

I

*Statements of Defendant*

Robinson asks the court to compel the government to disclose the following: copies, transcripts, summaries, and/or government reports or notes of any written or recorded statements, including audio or video recordings, made by the defendant to any person, including persons who are not government agents, that are within the possession, custody, or control of the government; the substance of any oral statement made by the defendant, whether before or after arrest, to any attorney for the government or to a person known by the defendant to be a government agent or law enforcement officer, including probation, parole, or state police officers, that the government intends to offer in evidence at the trial or that are of any relevance to this prosecution; the substance of any oral statement made to any person that goes to any element of the offense or any possible sentencing

enhancement; and the substance of any statements made by the defendant in response to *Miranda*-type warnings.

The court grants the motion to the extent that the government must comply with its obligations under Fed. R. Crim. P. 16, *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). Insofar as it exceeds the obligations imposed under Rule 16, *Brady*, or *Giglio*, the motion is denied.

II

*Defendant's Prior Criminal Record and Rule 404(b) Evidence*

Robinson requests production of information related to any criminal history and any information that the government intends to introduce under Fed. R. Evid. 404(b).

The court grants the motion to the extent that the government must, consistent with Rule 16(a)(1)(D), produce a copy of Robinson's prior criminal history. To the extent the request exceeds Rule 16(a)(1)(D), it is denied, unless the government is obligated under *Brady* and *Giglio* to make such a disclosure.

The court also grants the motion to the extent that the government must comply with its obligations under Rule 404(b) no later than the deadline specified *infra* at § XIII.

III

*Informants*

Robinson requests disclosure of the identity of any informant who was a percipient witness to or participant in the alleged offense. He also moves the court to order the government to (1) provide him with sufficient information to locate or contact any informant, (2) produce any informant for interview by his counsel, and (3) produce the informant at trial upon his request. He

also requests any informant's criminal record, any promises of immunity, consideration, or remuneration made to the informant in this or any other case in which the informant was involved, the identification of any informant's prior testimony, evidence of psychiatric treatment of any informant, and any evidence of alcohol or narcotic habits of any informant.

Because the government has not responded to Robinson's motion, the court must assume *arguendo* that there are informants in this case. The court will follow the balancing test that governs disclosure of an informant's identity. The public interest in providing anonymity to citizens who report criminal activity must be weighed against the defendant's right to prepare a defense. *Roviaro v. United States*, 353 U.S. 53, 62 (1957). The privilege against disclosing informants is thus restricted when it is unfair to the defendant. If information will not reveal the identity of an informant, or the informant's identity is relevant to the defense of the accused, the privilege does not apply. *Id.* at 60-61.

In applying *Roviaro* the Fifth Circuit has established a three-part test to determine the applicability of the informant's privilege. *See United States v. De Los Santos*, 810 F.2d 1326, 1331 (5th Cir. 1987). The court must first consider the level of the informant's participation in the criminal activity. The greater the informant's participation, the greater the appropriateness of disclosure. Second, the court must determine the extent to which disclosure will assist the defense of the accused. Disclosure is not warranted by "'[m]ere conjecture or supposition about the possible relevancy of the informant's testimony.'" *Id.* (quoting *United States v. Gonzales*, 606 F.2d 70, 75 (5th Cir. 1979)). Third, the court must also evaluate the government's interest in maintaining the informant's anonymity. The safety of the informant and the informant's future usefulness to authorities are the principal criteria to be considered by the court in this context. *Id.*

Pursuant to *De Los Santos* the court will conduct an *in camera* review of a government written submission concerning the three-prong test. No later than the deadline specified *infra* at § XIII, the government must either advise the court and Robinson in writing that no informant is involved in this case or must disclose *ex parte* to the court the identity of any informants and must address the reasons on which it relies for nondisclosure. Nothing in this procedure excuses the government from complying with its normal obligations under *Brady* and *Giglio* or from complying with all requirements that apply in the event an informant will be used as a trial witness.

IV

*Government Communications to Defendant*

Robinson requests disclosure of any communications with him undertaken by any government agent, informer, or anyone else acting at the government's direction since the commencement of adversarial proceedings against him. He also requests identification of the individuals involved, the details surrounding the communications, and the statements made.

The court orders the government to comply with its obligations under Rule 16(a)(1)(A) and (B), Rule 26.2, 18 U.S.C. § 3500 (the Jencks Act), *Brady*, and *Giglio* no later than the deadline specified *infra* at § XIII. To the extent Robinson's request exceeds these requirements, it is denied.

V

*Witness Statements and Statements of Individuals Who Will Not be Witnesses*

Robinson requests that the court compel the government to produce witness statements—whether written, oral, video, or audio recorded—of percipient witnesses or individuals at least 24 hours before the witness testifies at trial or sentencing. His request includes the names of all persons interviewed, prior testimony (such as grand jury testimony), prior written statements,

witness reports or notes, reports of prior oral statements, and any prosecutor's notes concerning witness statements that have been or may be adopted, approved, or verified by the witness. He also moves the court to compel the government to produce all exculpatory, as well as negative exculpatory, witness statements, any evidence concerning narcotics habits or psychiatric treatment of its witnesses, and the personnel file of any government witness or law enforcement official who participated in this case.

The court orders the government to comply with its obligations under Rule 26.2, *Brady*, and *Giglio* no later than the deadline specified *infra* at § XIII. To the extent Robinson seeks greater relief, his motion is denied.

VI

*Electronic Surveillance*

Robinson moves for disclosure of electronic surveillance, including logs and transcripts concerning him or any other witness, and documents such as Federal Bureau of Investigation "airtels" or interoffice memoranda relating to any monitored conversations, all Title III affidavits for wiretaps in this case or any collateral case related to this case in any way, and all Title III recordings made of anyone involved in this case. Because the government has not responded to the motion, the court must assume *arguendo* that there are such materials.

The court grants the motion to the extent that the government must comply with the requirements of *Brady*, *Giglio*, Rule 16, Rule 26.2, 18 U.S.C. § 2510 *et seq.*, and the Jencks Act. Otherwise, the motion is denied.

VII

*Exculpatory or Impeachment Evidence*

Robinson moves the court to direct the government to produce 21 categories (including some sub-categories) of evidence in the possession of the government or its agents that would tend to exculpate him under *Brady* or that would impeach government witnesses under *Giglio*. The court grants the motion to the extent that the government must fully comply with its discovery obligations under *Brady* and *Giglio*; otherwise, the motion is denied as exceeding what these authorities require.

VIII

*Documents, Tangible Objects, Photographs, Tape Recordings,*
*Electronic or Other Forms of Storage Media*

Robinson requests under Rule 16(a)(1)(E) a copy or permission to inspect and copy or photograph books, papers, documents, photographs, buildings or places, tangible objects, computer system logs, computer storage media, or magnetic, optical, or any other electronic storage media that are within the possession, custody, or control of the government that are material to the preparation of his defense or intended for use by the government as evidence in chief at trial, or that were obtained from or belong to him. The court grants the motion to the extent that the government must fully comply with its obligations imposed by Rule 16(a)(1)(E). The court also grants the motion to the extent that the government must also comply with its obligations under *Brady* and *Giglio*. To the extent Robinson requests greater relief, his motion is denied.

IX

*Results or Reports of Examinations and Tests*

Robinson requests under Rule 16(a)(1)(F) permission to inspect and copy or photograph any results or reports of physical or mental examinations, scientific tests or experiments, or audit logs of computer forensic reports of analyzed computers or servers, Internet activities/web servers, or any other examined electronic devices or copies thereof that are within the possession, custody, or control of the government or that the government knows or through the exercise of due diligence may become known to the attorney for the government and that are material to the preparation of his defense or are intended for use by the government as evidence in chief at the trial. He also requests that he be provided all documentation or materials, including, but not limited to, logs, forms, memoranda, results, reports, or any other papers regarding the above-mentioned tests or examination.

The court grants the motion to the extent that the government must fully comply with its obligations imposed by Rule 16(a)(1)(F). The court also grants the motion to the extent that the government must also comply with its obligations under *Brady* and *Giglio*. To the extent Robinson requests greater relief, his motion is denied.

X

*Expert Testimony*

Robinson moves for disclosure of expert testimony and the information required under Rule 16(a)(1)(G). The court grants the motion to the extent that the government must fully comply with its obligations imposed by Rule 16(a)(1)(G). The court also grants the motion to the extent that the government must also comply with its obligations under *Brady* and *Giglio*. To the extent Robinson

requests greater relief, his motion is denied. The court orders the government to comply with Rule 16(a)(1)(G) no later than the deadline specified *infra* at § XIII.

## XI

### *Fingerprints*

Robinson requests that the government inform him of any fingerprints taken or lifted that are related to the alleged facts. He specifically requests any and all fingerprint analysis performed on the weapon in question in this case, and he broadly requests permission to inspect and copy or photograph the original of any fingerprint cards used for any comparison made in the case. He also asks that the court order the government to provide written evidence that it did not perform a test for fingerprints on the weapon in question in this case and that any such test is futile due to law enforcement's failure to preserve such evidence, which might have been exculpatory.

The court grants Robinson's motion to the extent that the government must fully comply with its obligations imposed by Rule 16(a)(1)(E) and (F). The court also grants the motion to the extent that the government must also comply with its obligations under *Brady* and *Giglio*. To the extent Robinson requests greater relief, his motion is denied.

## XII

### *Surveillance/Observation Post*

Robinson requests disclosure of any surveillance or observation posts in this case, directly or indirectly. The court grants the motion to the extent that the government must also comply with its obligations under Rule 16, *Brady*, and *Giglio*. To the extent Robinson requests greater relief, his motion is denied.

XIII

Except to the extent the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply no later than March 6, 2006 at noon with the disclosure obligations imposed by this order. Concerning material covered by the Jencks Act or Rule 26.2, in accordance with the custom in this district, the government must disclose such statements no later than the end of the business day that precedes the date on which Robinson will begin his cross-examination of a witness.

**SO ORDERED**.

February 28, 2006.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE